PER CURIAM.
Patricia Nail appeals, and Steven Nail cross-appeals, a final judgment of dissolution. We reverse in part and remand for further proceedings.
The record supports the trial court’s findings that the stock and interest in cattle, if any, were non-marital assets. The trial court also did not abuse its discretion in awarding Patricia Nail a portion of her attorney’s fees.
The final judgment ordered the 401K account to be divided equally as of the date the actual distribution takes place, irrespective of the value on the valuation date, to take into account equal risks and rewards of fluctuations in value. Although the amount distributed to Steven Nail should take into account any passive in *395 creases or decreases in his share, the trial court’s distribution fails to account for any contributions made to the account after the valuation date or even after entry of the judgment of dissolution and any passive accumulations on such contributions.' On remand, the trial court should set the date at which this asset is to be valued and provide for consideration of any passive increases or decreases from the valuation date until the actual date of distribution in Steven Nail’s share.
In awarding lump sum alimony, the trial court failed to include any findings regarding the factors in section 61.08, Florida Statutes, other than the duration of the marriage. The final judgment also does not contain any of the findings of fact required in section 61.075, Florida Statutes. Without the required findings of fact, we cannot adequately review the lump sum alimony award.
We reverse in part and remand for entry of the required findings of fact. The trial court may, in its discretion, take any additional evidence necessary to fulfill its obligation to make the required factual findings.
BARFIELD, KAHN, and HAWKES, JJ., concur.